George **MYERS**

v.

**CONSOLIDATED GOLD & SILVER, INC., a Florida Corporation, and Samuel Goldberg, Individually.**

Civ. No. 3–79–87.

United States District Court, E. D. Tennessee, N. D.

June 11, 1979.

Roy L. Aaron, Knoxville, Tenn., Marsha L. Lyons, Miami, Fla., for plaintiff.

Frank, Strelkow & Gay, North Bay Village, Fla., Thomas N. McAdams, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case is a diversity action for compensatory and punitive damages for intentional misrepresentation. The case was referred to a Special Master for trial without a jury. The Special Master found defendants were guilty of intentional misrepresentation and recommended awards to the plaintiff of $35,400.00 compensatory damages and $10,000.00 punitive damages. The case is now before this Court for action upon the Special Master's report and defendants' objections thereto.

■ The Special Master found, as the trier of fact, that defendant Goldberg solicited the purchase of several gold "option" contracts from plaintiff over the telephone. An option contract is a contract requiring an initial payment to buy an "option", which gives the buyer the right to buy the commodity at a later date for a pre-arranged price. An "option" may be resold at a profit to other investors without exercising it, or without paying the full purchase price for the commodity.

However, after plaintiff purchased several contracts he discovered the defendants construed the contracts as contracts to purchase the gold outright with deferred payments. These deferred payment contracts would require full payment of the purchase price of the commodity before the contracts or gold could be resold for profit. Also, the Special Master found that by the time plaintiff discovered defendants' different interpretation of the contract, an undisclosed payment due date had passed and plaintiff was declared in default. The Special Master found all this to be a deliberate scheme to misrepresent material facts to plaintiff and defraud him of money.

The alleged contractual requirements that plaintiff pay the full purchase price of the gold before resale and that this payment was due fifteen days before the disclosed delivery date could be found *only* in sales brochures and sales confirmations never delivered to plaintiff, as found by the Master. The Master found plaintiff's only source of information concerning these contracts were the representations made over the telephone to plaintiff and the "Precious Metal Sale Confirmation" certificates sent to plaintiff (these certificates were *not* the sales confirmations containing the otherwise undisclosed contract terms). This information, taken as a whole, was found to be intentionally false and misleading.

■ The primary objection to the Master's report challenges the Master's finding that the contracts sold were actually option contracts. Even if accepted, this objection would not change the outcome of the case, since defendants' liability stems from their alleged intentional misrepresentations of the contract terms rather than from the contract terms themselves. The Special Master found that defendants intentionally misrepresented certain facts on which plaintiff relied to his detriment. This is not a contract action.

■ As to the false statements, defendants admit the evidence pertaining to the telephone conversations is in conflict. (See defendants' Memorandum in Support of Exceptions, paragraphs 10 and 13.) Thus, we can presume that there is evidence in the record supporting the Special Master's factual findings. It is up to the trier-of-fact to resolve conflicts in evidence. Further, one false and misleading statement appears as an exhibit (Exhibit 11) in this case. In a letter dated January 17, 1979, defendant Goldberg informed plaintiff he had ten days in which to pay the balance of $240,000.00 due on the contracts. However, defendants now contend the payment due date was January 16, 1979, or the day before this letter was written. The Master found and defendants do not deny that plaintiff's tender of $240,000.00 within ten days, according to the terms of the letter, was rejected by defendants without any attempt to clear up any conceivably legitimate misunderstanding.

The defendants contend that the words "balance due" on the certificates actually received by plaintiff should have warned plaintiff that he misunderstood the terms of the transaction. The Special Master's finding that the words "balance due" are not necessarily inconsistent with an option contract, at least in the mind of first time gold investors, is reasonable and not clearly erroneous.

Accepting these findings of deliberate misrepresentations, the Master's recommendation for punitive damages is well taken. The objection to activities of plaintiff's co-counsel is not pertinent to this lawsuit.

For these reasons, it is ORDERED that the Special Master's Report, findings of fact and conclusions of law be, and the same hereby are, accepted and that judgment enter in accordance therewith.

Order accordingly.